IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA LAND HOLDINGS, LLC, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. CIV-17-1036-D |
| BMR II, LLC and ANDREW M. ASHBY, | ) |
| *Defendants*. | ) |

**O R D E R**

Defendants[1] BMR II, LLC, and Andrew M. Ashby ("Defendants") bring before the Court a Motion for Summary Judgment [Doc. No. 76]. Plaintiff Oklahoma Land Holdings, LLC, has filed a Response [Doc. Nos. 89, 104] in opposition, to which Defendants have replied [Doc. No. 111]. Plaintiff subsequently filed a sur-reply with leave of Court [Doc. No. 116].

Defendants filed a Motion to Strike [Doc. No. 108], asking that the Court strike certain exhibits attached to Plaintiff's Response. Plaintiff responded in opposition to the Motion to Strike [Doc. No. 120], and Defendants replied [Doc. No. 123].

---

[1] At one point during this litigation, Defendants herein were designated as Third-Party Defendants. Plaintiff herein was one of several Defendants also designated as Counter-Plaintiffs and Third-Party Plaintiffs. Following the dismissal of several claims and parties, the case style was modified to reflect the accurate burdens and relationships of the parties. *See* Motion to Modify Case Style [Doc. No. 86]; Order [Doc. No. 98]. This Order reflects the correct relationships and modified case style.

## STANDARD OF DECISION

The language and corresponding advisory committee notes of Fed. R. Civ. P. 56(c)(2) explain that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Congress amended Rule 56 in 2010 to include this language. Before this amendment, parties properly challenged evidence used in a summary judgment motion by filing a motion to strike. *See* Rule 56, advisory committee's note (2010) ("There is no need to file a separate motion to strike."). "The plain meaning of these provisions show[s] that objecting to the admissibility of evidence supporting a summary judgment motion is now a part of summary judgment procedure, rather than a separate motion to be handled preliminarily." *Campbell v. Shinseki*, 546 F. App'x 874, 879 (11th Cir. 2013); *Cutting Underwater Techns. USA*, *Inc. v. Eni U.S. Operating Co.,* 671 F.3d 512, 515 (5th Cir.2012) ("[I]t is no longer necessary for a party to file such a motion; instead, a party may simply object to the material.").

## DISCUSSION

In keeping with the 2010 changes to Rule56(c)(2), the Court will consider Defendants' Motion to Strike [Doc. No. 108] as an objection to the admissibility of the challenged evidence. This Motion and all related filings will be addressed in the Court's forthcoming Order ruling on Defendants' Motion for Summary Judgment.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike [Doc. No. 108] **DENIED**.

**IT IS SO ORDERED** this 13th day of February, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge