IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA LAND HOLDINGS, LLC, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. CIV-17-1036-D |
| ) | |
| BMR II, LLC and ANDREW M. ASHBY, ) | |
| ) | |
| *Defendants.* ) | |

**O R D E R**

Before the Court is Defendants[1] BMR II, LLC's and Andrew M. Ashby's Motion for Sanctions and Motion to Strike Damages Evidence Pursuant to Fed. R. Civ. P. 37 [Doc. No. 172]. Plaintiff filed a response [Doc. No. 173], to which Defendants replied [Doc. No. 176]. Also before the Court is Plaintiff's Motion for Leave to Amend Rule 26 Disclosures [Doc. No. 175]. Defendants filed a response [Doc. No. 179], to which Plaintiff replied [Doc. No. 180].

**BACKGROUND**

This case relates to oil and gas ventures in Oklahoma—more precisely, in a region known as the STACK or NW STACK encompassed by Woodward, Dewey, and Ellis counties. In 2017, Plaintiff Oklahoma Land Holdings, LLC shared with Defendants Bill

---

[1] At one point during this litigation, Defendants were designated as Third-Party Defendants. Plaintiff herein was one of several Defendants also designated as Counter-Plaintiffs and Third-Party Plaintiffs. Following the dismissal of several claims and parties, the case style was modified to reflect the accurate burdens and relationships of the parties. See Motion to Modify Case Style [Doc. No. 86]; Order [Doc. No. 98]. The references in this Order reflect the correct relationships and modified case style.

Thomas and Andrew Ashby a presentation it developed. That presentation contained information about a play involving the NW STACK. Around the same time, Ashby decided to start leasing acreage for a NW STACK project. Ashby, later, formed BMR II, LLC. By April 2018, BMR II held leases covering approximately 68,000 acres, some of which were located in the area highlighted by Plaintiff's presentation. Plaintiff claims Defendants misappropriated trade secret information it learned in the presentation.

This motion relates to a discovery dispute. Plaintiff served its Rule 26(a) initial disclosures, which included a computation of damages.

> Reasonable Royalty – Defined as the amount of money a reasonably prudent investor would have paid for the trade secret at the time of misappropriation as a fair price for licensing to put the trade secret to the use intended. For a further calculation, please see third-party plaintiff's expert designations and report.

[Doc. No. 173-2 at p. 7]. Plaintiff based its damages computation on the expert report and testimony of Jon Stromberg, a petroleum engineer. Upon Defendant's *Daubert* motion, the Court found Stromberg's opinion unreliable and, thus, inadmissible. *See* Order [Doc. No. 167]. At that point, Plaintiff's disclosure concerning its damages computation lacked evidentiary support as is required under Rule 26(a)(1)(iii), and Plaintiff should have supplemented its disclosure pursuant to Rule 26(e)(1). But Plaintiff failed to supplement. Now, Plaintiff relies on testimony from Danny Schlachter[2] as evidence for its damages. The Court previously identified Schlachter's affidavit as part of minimally sufficient

---

[2] Danny Schlachter is the president of Schlachter Operating Company, once a Third-Party Plaintiff to this lawsuit. Schlachter and Danick Resources, LLC, an upstart oil company, entered into a joint venture to explore the STACK; that joint venture was Oklahoma Land Holdings, LLC.

2

evidence to preclude summary judgement in favor of Defendants on the issue of damages. *See* Order [Doc. No. 169 at pp. 13–14]. Defendants filed this motion for sanctions under Rule 37. Defendants ask the Court to strike all of Plaintiff's evidence on damages, which would effectively dismiss this suit.

## DISCUSSION

The directives of Rule 26 are "mandatory." *Cohlmia v. Ardent Health Servs., LLC*, 254 F.R.D. 426, 429 (N.D. Okla. 2008). Rule 26(a)(1)(A)(iii) requires the disclosure of "a computation of each category of damages claimed by the disclosing party." Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect."

Rule 37(c)(1) provides:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

It is the burden of the offending party to show substantial justification or harmlessness. *See Cohlmia*, 254 F.R.D. at 429–30. "The determination of whether a Rule 26(a) violation is [in fact] justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The following factors are relevant: (1) prejudice or surprise to the party against whom the evidence is offered; (2) ability of the party to cure the prejudice; (3) extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Id*. The Tenth Circuit explained how courts should proceed

when the exclusion of evidence would effectively result in dismissal of the case in *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1206 (10th Cir. 2017).

> "[W]here the exclusion of evidence under Rule 37(c)(1) has the necessary effect of a dismissal, as here, district courts should, in conjunction with the traditional *Woodworker's* inquiry, carefully explore and consider the efficacy of less drastic alternatives, ordinarily reserving the extreme sanction of dismissal for cases involving bad faith or willfulness or instances where less severe sanctions would obviously prove futile."

Here, Defendants ask the Court to exclude Plaintiff's evidence on damages, an essential element of Plaintiff's claims. Defendants argue they are prejudiced by the failure to supplement in that they cannot prepare a defense without knowing how Plaintiff seeks to compute damages or how Plaintiff will support that computation at trial. Defendants assert a similar argument to explain why this prejudice cannot be cured. Defendants, however, make no argument that Plaintiff's failure to supplement its initial disclosures under Rule 26 was a bad faith or willful violation of the discovery rules.

An examination of the *Woodworker's* factors shows Plaintiff's failure to supplement was harmless. Defendants have been aware of Plaintiff's damages evidence for over two years; Plaintiff filed Schlachter's affidavit in May 2019. Further, in a previous order, the Court found sufficient evidence on the issue of damages to preclude summary judgment in favor of Defendants; that finding explicitly cited Schlachter's affidavit. *See* Order [Doc. No. 169 at pp. 13–14]. Defendants can hardly argue they are prejudiced by the surprise of this evidence, and any minimal prejudice can be cured by compelling Plaintiff to comply with its Rule 26(a) obligations. Finally, the inclusion of Plaintiff's damages evidence will not disrupt the trial proceedings.

Even if Plaintiff's failure to supplement its initial disclosures were not harmless, the "extreme sanction" of dismissal would be inappropriate here. *See HCG Platinum*, 873 F.3d at 1204 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir.1992)). Defendants do not assert Plaintiff's violation of Rule 26 was in bad faith or willful, and the Court does not find any indication of bad faith or willful misconduct. The evidentiary support for Plaintiff's damages computation in the initial disclosure was Stromberg's expert opinion. Once the Court found Stromberg's expert opinion unreliable, and therefore inadmissible, Plaintiff should have supplemented its computation of damages to provide admissible evidentiary material that supported the damages computation. Over a year lapsed between Plaintiff's initial disclosures and the Court's Order excluding Stromberg's testimony. Given the legal and factual context in which this violation occurred, the Court concludes that Plaintiff did not act willfully or in bad faith.

To cure any minimal prejudice caused by Plaintiff's failure to supplement, the Court grants Plaintiff leave to supplement its damages computation. If, after Plaintiff's supplemental disclosure, cause for re-opening discovery arises, Defendant may move to re-open discovery for the purpose of conducting a narrowly tailored inquiry into Plaintiff's damages evidence.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Sanctions and Motion to Strike Damages Evidence Pursuant to Fed. R. Civ. P. 37 [Doc. No. 172] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Rule 26 Disclosures is **GRANTED**. Plaintiff shall supplement its Rule 26(a) reasonable royalty

damages computation to conform to the requirements of Rule 26 within fourteen days of this Order.

**IT IS SO ORDERED** this 30th day of December, 2021

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge